```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
                                           :
RICHARD GULLO, SUSAN GULLO, FRANKIE        :
TORRES, FRANCISCO TORRES, JR., JUSTIN      :
KUHL, and RICHARD KEARNS,                  :
                                           :
                    Plaintiffs,            :      10 Civ. 8516
                                           :      (BSJ)(DF)
          v.                               :
                                           :      Memorandum and Order
THE CITY OF NEW YORK, P.O.s "JOHN DOE"     :
#1-10, individually and in their           :
Official Capacities (the name John Doe     :
being fictitious, as the true names        :
are presently unknown),                    :
                                           :
                    Defendants.            :
                                           :
------------------------------------------x
```

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/11/2012**

**BARBARA S. JONES
UNITED STATES DISTRICT JUDGE**

On November 12, 2010, Plaintiffs brought this action against the City of New York ("City") and John Doe police officers #1-10 (collectively, "Defendants"), alleging that they were deprived of their constitutional rights under the First, Fourth, Fifth, Eighth and 14th Amendments in violation of 42 U.S.C. § 1983. Specifically, Plaintiffs assert claims for false arrest, malicious prosecution, and the use of excessive force, as well as for municipal liability.

On May 31, 2011, the City served Plaintiffs with initial disclosures, which included the names of officers involved in the alleged incident: Officers Alberto Gonzalez, Charles Cavallaro, Robert Rogers, and Sergeant Markus Matz. Also on May

31, 2011, Judge Freeman issued a Scheduling Order requiring Plaintiffs to file any motions to amend the pleadings or to join additional parties on or before August 5, 2011.  (Dkt. 7.)  On August 16, 2011, and September 9, 2011, the parties participated in telephone conferences with Judge Freeman.  During the September 9 conference, the fact that Plaintiffs had not yet amended the complaint to include the identities of the John Doe defendants was discussed and Judge Freeman expressed concern that the applicable statute of limitations may have run on some of Plaintiffs' claims against the individual defendants.

Three days later and five weeks after the amendment deadline, Plaintiffs moved to amend the complaint on September 12, 2011.  (Dkt. 9.)  On May 21, 2012, Judge Freeman denied Plaintiffs' motion to amend ("Judge Freeman's Order").  (Dkt. 16.)  Plaintiffs filed timely objections to Judge Freeman's Order pursuant to Federal Rule of Civil Procedure 72(a), (Dkt. 22), the City responded to Plaintiffs' objections (Dkt. 24), and Plaintiffs submitted reply papers in further support of their objections (Dkt. 25).  For the reasons stated below, the Court AFFIRMS Judge Freeman's Order denying Plaintiffs' motion to amend the complaint and OVERRULES Plaintiffs' objections.

## I.   Applicable Legal Standards

Under Federal Rule 72(a) a party may file objections to an order of a magistrate judge within 14 days after being served a

copy of the order, and the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. Proc. 72(a). Orders related to pretrial discovery may be reversed only "upon a clear showing of an abuse of discretion." In re DG Acquisition Corp., 151 F.3d 75, 79 (2d Cir. 1998) (internal quotation marks and citations omitted). A district court abuses its discretion "when (1) its decision rests on an error of law . . . or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." Zervos v. Verizon New York, Inc., 252 F.3d 164, 169 (2d Cir. 2001) (citations omitted). A magistrate's resolution of pretrial discovery disputes is entitled to substantial deference. Bd. of Trustees of S. Cal. IBEW-NECA Defined Contribution Plan v. Bank of New York Mellon Corp., No. 09 Civ. 6273(RMB), 2011 WL 1118718, at *1 (S.D.N.Y. Mar. 24, 2011) (internal quotation marks and citations omitted).

Rule 15(a) provides that the court should freely give leave to amend a pleading when justice so requires, and the decision to grant leave to amend is within the sound discretion of the trial court. See Bay Harbour Mgmt., LLC v. Carothers, 474 F. Supp. 2d 501, 502 (S.D.N.Y. 2007) (internal quotation marks and citations omitted). "Where, as here, a scheduling order governs

3

amendments to the complaint,. . . the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Holmes v. Grubman, 568 F.3d 329, 334-35 (2d Cir. 2009) (citations omitted); see also Fed. R. Civ. Proc. 16(b)(4) (providing that a scheduling order "may be modified only for good cause and with the judge's consent").

Whether good cause to modify a scheduling order exists "depends on the diligence of the moving party." Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (citing Parker v. Columbia Pictures, Indus., 204 F.3d 326, 340 (2d Cir. 2000)). More specifically, "the movant must show that the deadlines cannot be reasonably met despite its diligence." Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (citation omitted). A court may deny a motion to amend where the proposed amendment is based on information in the moving party's actual or constructive knowledge in advance of the motion deadline. Parker, 204 F.3d at 341 (citation omitted). The absence of prejudice to the non-moving party alone is insufficient to establish good cause to modify a scheduling order. Estate of Ratcliffe v. Pradera Realty Co., No. 05 Civ. 10272(JFK), 2007 WL 3084977, at *1 (S.D.N.Y. Oct. 19, 2007) (internal quotation marks and citation omitted).

4

## II. Discussion

Judge Freeman based her denial of Plaintiffs' untimely motion to amend the complaint on Plaintiffs' failure to establish good cause to justify their noncompliance with the relevant deadline set forth in the Scheduling Order. Plaintiffs' objections focus mainly on Judge Freeman's Rule 15(c) analysis and not, as they should, on the threshold issue of noncompliance with Rule 16(b). Although Judge Freeman also addressed whether the otherwise time-barred claims in the proposed amended complaint would be allowed on a theory of "relation back" under Rule 15(c), the threshold decision before her, and now before this Court, is whether Plaintiffs had good cause to violate the Scheduling Order.

Judge Freeman found that Plaintiffs failed to establish good cause for their dilatory conduct in failing to comply with the August 5 amendment deadline. In objecting to that finding, Plaintiffs make several arguments: (1) that the Supreme Court has "expressly rejected the argument that a plaintiff's dilatory conduct could defeat relation back under Rule 15" in <u>Krupski v. Costa Crociere S.p.A.</u>, 130 S. Ct. 2485 (2010); (2) that Defendants would suffer no prejudice if the amendment were allowed and that therefore an otherwise valid motion to amend should not be denied based solely on its belatedness; (3) that Judge Freeman erred in not giving more weight to the parties'

5

ongoing settlement discussions as a basis for good cause; and (4) that courts generally prefer to decide cases on the merits, rather than on procedural bases. Plaintiffs' arguments are unpersuasive.

First, in arguing that Judge Freeman applied the law incorrectly by even considering Plaintiffs' dilatory conduct, Plaintiffs mischaracterize Judge Freeman's Order as "rendering [a] decision under Rule 15(c)." (Pls.' Objections, June 27, 2012, 20.) However, Judge Freeman's Rule 15(c) analysis was not necessary to her decision to deny Plaintiffs' motion to amend; rather, the decision was rooted in Judge Freeman's judgment that Plaintiffs did not establish good cause for their noncompliance with the Scheduling Order.[1]

Second, while Plaintiffs may have hoped for a different outcome, Judge Freeman's determination that absence of prejudice to Defendants is insufficient in this case to establish good cause was not clearly erroneous. The facts are clear: Plaintiffs had the information necessary to amend the complaint on May 31, 2011; they were fully aware of the August 5 amendment deadline; they never challenged the deadline as unachievable or

---

[1] In any event, Judge Freeman discussed the Supreme Court's decision in Krupski thoughtfully. She did not err in concluding that Barrow v. Wethersfield Police Department, 66 F.3d 466 (2d Cir. 1995), remains good law after Krupski and is applicable in this case. See Rodriguez v. City of New York, No. 10 Civ. 1849(PKC), 2011 WL 4344057, at *9 (S.D.N.Y. Sept. 7, 2011).

6

even difficult to achieve; and, they failed to meet the deadline. Even if Judge Freeman had concluded that allowing the amendment would not prejudice Defendants, which she did not, she would have been well within her discretion in nonetheless deciding that Plaintiffs' utter lack of diligence was not justified by good cause. See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007). Judge Freeman found instead that "the amendment would likely result in prejudice to both the officers and the City." (Order, May 21, 2012, at 22.) Judge Freeman correctly considered this prejudice to Defendants in deciding to deny Plaintiffs' motion to amend. Kassner, 496 F.3d at 245 ("The district court, in its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.").

Third, Plaintiffs concede that "[the fact that the parties engaged in settlement negotiations] alone does not excuse plaintiffs' failure to adhere to the Court's Scheduling Order." (Pls.' Objections at 24.) However, they insist that settlement discussions between the parties "should, at the very least, be considered when the Court determines whether or not there is 'good cause' for the delay." (Pls.' Objections at 25 (emphasis in original).) The Court agrees with Plaintiffs, as did Judge Freeman, who affirmatively addressed Plaintiffs' contention that

7

ongoing settlement negotiations between the parties establish good cause for the delay in moving to amend. (Order at 21.) Again, Plaintiffs' hope for a different outcome does not demonstrate in any way that Judge Freeman abused her discretion in denying Plaintiffs' motion to amend.

Finally, it was well within Judge Freeman's discretion to decide that Plaintiffs' noncompliance with the Scheduling Order in violation of Rule 16(b) warrants denial of their motion to amend. A general preference among federal courts for deciding cases on the merits simply does not make that decision clearly erroneous or contrary to law. The Court notes additionally that Plaintiffs oversimplify Judge Freeman's Order by suggesting that her decision constitutes a mere "zeal for a tidy calendar." (Pls.' Objections at 25.) More than a desire to control the docket, Judge Freeman's decision was motivated by the simple fact that Plaintiffs knew the identities of the John Doe defendants at the time Judge Freeman issued the Scheduling Order and more than two months before the amendment deadline, yet they failed to comply with the Scheduling Order in violation of Rule 16(b). The Court will not disturb her decision.

### III. Conclusion

For the foregoing reasons, the Court AFFIRMS Judge Freeman's Order denying Plaintiffs' motion to amend and OVERRULES Plaintiffs' objections.

SO ORDERED:

_____
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:    New York, New York
          October 11, 2012